# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| JASON B. BRYANT, | ) |
| Petitioner, | ) |
| v. | ) No. 2:17-cv-078-JRG-MCLC |
| KEVIN GENOVESE, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This matter is before the Court upon periodic review. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 17, 2017 [Doc. 1]. In his petition, Petitioner challenges the legality of his confinement pursuant to his February 20, 1998 conviction from the Greene County Circuit Court [*Id.* at 3]. Petitioner's first § 2254 habeas petition, filed on May 25, 2005, was dismissed as time-barred. *See Bryant v. Carlton*, No. 2:05-cv-151, 2006 WL 44269 (E.D. Tenn. Jan. 6, 2006). Petitioner also filed an Order from the Sixth Circuit authorizing a second or successive habeas petition [Doc. 1-2].

However, Petitioner also filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Tennessee, which was transferred to this Court on May 18, 2017. *See Bryant v. Parker, et al.*, No. 2:17-cv-097-JRG-MCLC, Doc. 1 (E.D. Tenn., filed May 18, 2017). This case remains before the Court, and challenges the same 1998 conviction [*Id.*].

"As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United*

*States*, 424 U.S. 800, 817 (1976). "Generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Aruthus Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Faced with a duplicative suit, such as this one, a federal court may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit. *See Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).

> With respect to duplicative suits, the Sixth Circuit has stated
>
> "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *see also Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001) (joining other courts that have held a district court may dismiss one of two identical pending actions).

*Twaddle v. Diem*, 200 F. Appx 435, 438 (6th Cir. 2006) (alterations in original). Accordingly, this Court will **DISMISS** this § 2254 petition **without prejudice**. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (explaining that courts have "due flexibility to prevent vexatious litigation," with respect to duplicative mixed petitions).

The Court will not issue a certificate of appealability because Petitioner has not demonstrated "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Lastly, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
